**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TERRANCE WHITE, on his own behalf
and others similarly situated,

    Plaintiff,

v.                                                                     Case No: 8:16-cv-2057-T-30TBM

SLM STAFFING LLC and SENIOR
LIVING PROPERTIES, III, LLC,

    Defendants.
_____

## **ORDER**

    THIS CAUSE is before the Court on Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice to Potential Members (Dkt. 7) in a lawsuit alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). Defendants filed a response in opposition (Dkt. 13), which argues that Plaintiff has failed to meet the requirements for conditional certification under the FLSA. The Court has considered these filings, the record, and the relevant law. For the reasons discussed below, the motion will be denied.

### **FACTUAL BACKGROUND**

    Plaintiff Terrence White has sued his former co-employers, on his own behalf and on behalf of other similarly situated individuals, for failing to comply with the minimum and overtime wage requirements of the FLSA. To date, six other individuals have filed notices with the Court of their consent to join the lawsuit.

Defendants operate an assisted-living facility in Bartow, Florida. (Dkt. 1, ¶ 2). According to allegations in his complaint, White was an employee at the Bartow facility in the three years before July 2016. His job at the Bartow facility, according to the complaint, consisted of performing "labor related duties." (Id. at ¶ 6).

## DISCUSSION

Now White asks the Court to conditionally certify a collective action. Specifically, he asks that the class be defined as follows:

> Current and former hourly-paid laborers who work(ed) at Defendant[s'] Bartow facility between July 2013 and the present; who worked hours for which they were not compensated, in some cases working more than forty (40) hours per week, without lawful and proper and complete overtime compensation.

(Dkt. 7, p. 18).[1] As support for this proposed class, White has submitted his six opt-in notices and his own declaration attesting that he and other "manual labor[ers]" were not paid as the FLSA requires.

Defendants argue that conditional certification should be denied. They argue that White has failed to demonstrate that there are similarly situated employees who wish to opt in. Mindful that the conditional-certification standard is a low one, the Court nonetheless agrees with Defendants, for the reasons discussed briefly below. White's motion will be denied, and the opt-ins will be dismissed from this lawsuit.

---

[1] This is the class definition White requests in his motion. In the proposed notice he attaches to his motion, however, he asks for a different, broader class, one circumscribed only by the potential class members' status as hourly-paid workers (i.e. they need not even be "laborers").

**The FLSA**

An action to recover unpaid wages may be brought, according to the FLSA, "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. S 216(b). An employee who does not initiate the lawsuit may not join it, however, "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The purpose of these collective actions are "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employee." *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003). The decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

**FLSA Certification Standard**

District courts in the Eleventh Circuit use a two-tiered approach to FLSA collective-action certification:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court

> "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial . . .

*Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Armco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

At the notice stage, a plaintiff must provide a "reasonable basis" that there are similarly situated employees who desire to opt into the lawsuit. *Morgan v. Family Dollar Store, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *see Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 2008). This is a lenient standard. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). But it is a standard nonetheless, one in which a plaintiff must satisfy the court of the standard's two parts: (1) a desire to opt in, from (2) similarly situated employees. *Id.* When determining whether the standard is met, courts may consider affidavits of other employees, notices of consent to join the lawsuit, or expert evidence. *See id.* at 1097; *Hart v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). The unsupported assertions of plaintiff or counsel, however, will not suffice. *Id*; *Morgan*, 551 F.3d at 1261.

Here, with six notices-of-consent-to-join, White has provided a reasonable basis that other employees desire to opt-in. Indeed, as White's motion points out, even one opt-in notice can be sufficient to meet the first requirement for conditional certification, and courts in this district have conditionally certified classes with just one. *See Brooks v. A.*

*Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, *2 (M.D. Fla. Dec. 8, 2006).

White falls far short, however, of providing the Court with a reasonable basis to conclude that those prospective opt-in plaintiffs are similarly situated to him. He only offers that they were employees at Defendants' Bartow facility who performed, like he did, "labor related duties." The Court first notes that this job description is only slightly more descriptive than "non-exempt" employees as that term is defined under the FLSA. Non-exempt employees, of course, are the entire class of employees to which the FLSA's minimum-wage requirement applies. If such a broad and inexact class of employees were sufficient to conditionally certify a class under the FLSA, the conditional-certification standard would not merely be a lenient one, but a meaningless one. It is not. *See Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1221 (M.D. Fla. 2003) (denying motion to conditionally certify a class and concluding that proposed notice of all "who were employed by [defendant] in the position of registered pharmacist" was too broad").

The standard exists for good reason, as White's case well illustrates. According to the record, though White calls himself a "laborer," he was, more accurately, a cook at Defendants' Bartow facility. At such a facility, "laborers" would likely include not just cooks, but also janitors, maintenance specialists, orderlies, pharmacy technicians, and other non-exempt workers—in other words, "a diverse group of [laborers] with different titles and job duties distinct from, or unknown to, [White]." *Id.*

A group this diverse is not similarly situated. *See id.* Though the Eleventh Circuit has not precisely defined "similarly situated," *Morgan*, 551 F.3d at 1259, it has directed

courts to focus primarily on job requirements and pay provisions. *Dybach*, 942 F.2d at 1567-68. As illustrated above, White's broad characterization that he and other laborers were similarly situated—even if that characterization had been supported by more than his own declaration—fails to provide the Court with any factual basis to evaluate the prospective class's job requirements and pay provisions. Without such a basis, there can be no "reasonable basis" to conditionally certify that class. *See Morgan*, 551 F.3d at 1260.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Dkt. 7) is DENIED without prejudice.

2. Plaintiff Terrance White may proceed with this action; those who filed Notices of Consent to Join (See Dkts. 3, 4, 5, 6, 8, and 9) are DISMISSED from this action.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of August, 2016.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-1973 - cond. cert. grant in part.docx